1
2
3
4
5
6
7
8            **UNITED STATES DISTRICT COURT**

9            **CENTRAL DISTRICT OF CALIFORNIA**

10   Rovinski Renter,                     )        **Case No. CV 11-07222-GAF (CWx)**
                                          )
11                        Plaintiff,      )
                                          )        **ORDER REGARDING RULE 26(f)**
12         v.                             )        **CONFERENCE AND JOINT REPORT**
                                          )
13   City of San Bernardino,              )        Date: <u>Monday, February 6, 2011</u>
                                          )
14                        Defendants.     )        Time: **1:30 p.m.**
                                          )
15   _____)

16

17   **NOTICE TO COUNSEL: UNDER THE 2000 AMENDMENTS TO THE**
     **FEDERAL RULES OF CIVIL PROCEDURE, RULES 16(b), 26(a)(1), 26(a)(3),**
18   **26(a)(4), 26(d), AND 26(f) ARE NOW EFFECTIVE IN THIS DISTRICT.**
     **COUNSEL ARE EXPECTED TO BE FAMILIAR WITH THOSE RULES AND**
19   **WITH THIS COURT'S ORDER REGARDING THE RULE 26(f) EARLY**
     **MEETING.**
20

21          This action has been assigned to Judge Gary Allen Fees for all

22   purposes.

23          The responsibility for the progress of litigation in the Federal Courts falls

24   not only upon the attorneys in the action, but upon the Court as well.  To secure

25   the "just, speedy, and inexpensive determination of every action," Fed. R. Civ.

26   P. 1, all counsel are hereby ordered to become familiar with the Federal Rules

27   of Civil Procedure and the Local Rules of the Central District of California.

28          The Court further orders as follows:

1       1.   **Rule 26(f) Meeting of Counsel and Commencement of**

2 **Discovery.**  The Court expects that counsel will participate in the meeting

3 required by Rule 26(f) in a good faith manner, **with full disclosures and open**

4 **(not grudging) exchanges of information as contemplated by Rules 26(a)**.

5 It is advisable for counsel to begin discovery and conduct it actively at the

6 earliest possible time because they will have limited time to complete discovery

7 after this Court's Rule 26(f) Scheduling Conference.

8       2.   **Joint Scheduling Conference Report**.  Counsel shall jointly file

9 a Joint Scheduling Conference Report (hereinafter "Joint Report") ***at least***

10 ***seven (7) calendar days before the date set for the Scheduling***

11 ***Conference***.  It should be titled "Joint Scheduling Conference Report Pursuant

12 to Rule 26(f)."  A Joint Scheduling Conference Report which does not comply

13 with this Order likely will result in a continuance of the Scheduling Conference

14 and possible sanctions.

15      "Jointly" contemplates a single report, regardless of how many

16 separately-represented parties there are.  The Joint Report shall report **shall**

17 **include the following**:

18       a.   a short synopsis (not to exceed two pages) of the main
          claims, counterclaims, and/or affirmative defenses.

19

20       b.   a brief description of the key legal issues.

21       c.   a list of percipient witness and key documents on the core
          issues of the case.

22       d.   the realistic range of provable damages.

23       e.   whether there is insurance coverage.

24       f.   a statement of the likelihood of: motions seeking to add other
          parties or to file amended pleadings; motions to transfer

25           venue.

26       g.   a discussion of the present state of discovery, including a
          description of completed discovery and a schedule of all

27           contemplated future discovery.

28

h.   a detailed written discovery plan, as contemplated by Rule 26(f), including the identity of all anticipated depositions by each party, contemplated written discovery requests, including requests for admission, document requests, and written interrogatories, and a schedule for the completion of all items of discovery.

I.   a proposed discovery cut-off date. THIS MEANS THE LAST DAY BY WHICH ALL DEPOSITIONS MUST BE COMPLETED AND RESPONSES TO ALL PREVIOUSLY-SERVED WRITTEN DISCOVERY MUST BE PROVIDED ***AND ALL HEARINGS ON DISCOVERY MOTIONS CONCLUDED.***

j.   a description of the issues or claims that any party believes may be determined by motion for summary judgment or motion in limine.

k.   a schedule of contemplated law and motion matters and a proposed cut-off date for motions. THIS MEANS THE LAST DATE ON WHICH MOTIONS MAY BE HEARD, NOT NOTICED.

l.   a statement of what settlement discussions and/or written communications have occurred (specifically excluding any statement of the terms discussed).

m.   a realistic (not padded) estimate of the time required for trial and whether trial will be by jury or by court. Each side should specify (by number, not by name) how many witnesses it contemplates calling.

n.   proposed dates (complete attached schedule on Exhibit A).

o.   a statement of any other issues affecting the status or management of the case (*e.g.*, unusually complicated technical or technological issues, disputes over protective orders, discovery in foreign jurisdictions, etc.).

p.   for conflict purposes, corporate parties must identify all subsidiaries, parents and affiliates.

The Joint Report should set forth the requested information under section headings corresponding to the above-enumerated topics.

3.   **Rule 26(f) Scheduling Conference.**  The Scheduling Conference will be held in Courtroom 740 of the Roybal Federal Courthouse at 255 East Temple Street.  Counsel shall comply with the following:

a.   Participation.   The lead trial attorney must attend the Scheduling Conference.  Unless excused for good cause

shown in advance of the Conference, the Court reserves the right to designate the attorney attending the Conference as lead trial counsel. Counsel should be prepared to discuss not only the Joint Report but also what the case is really about at its core and whether there are ways to litigate it that will enhance the prospects for settlement (*e.g.* limited trial on bifurcated issues). If the time estimate for trial given in the Joint Report exceeds ten court days, counsel shall be prepared to explain the trial estimate. In a realistic manner, they should disclose approximately how many witnesses and exhibits truly are necessary and whether there are unusual factors, such as non-English speaking witnesses, that are likely to extend the length of trial.

b.  <u>Continuance</u>. A continuance of the Scheduling Conference will be granted only for good cause.

c.  <u>Use of Conference Telephone</u>. If one or more of the lead counsel has his or her office outside of the District, the Court is normally willing, at counsel's request, to conduct the status conference by conference telephone call. Please contact the court clerk at 213/894-3480 to get approval no later than the Wednesday before the Scheduling Conference. Opposing counsel who are outside of the District may also participate by telephone The attorney requesting the telephonic status conference shall call 213/894-0779 at the time and date specified above for specific instructions. After the other participants are assembled, that attorney will be notified that he or she must promptly originate the conference call.

4.  **Protective Orders.** If you seek a protective order, propose it to opposing counsel before the Scheduling Conference if at all possible. In a separate standing order, the Court has adopted precise requirements for protective orders and the treatment of confidential information. Please comply with that order, which is available on the Court's website (*www.cacd.uscourts.gov*), or upon request from the Courtroom Deputy Clerk.

5.  **Settlement Procedures.** The Court will normally be guided by the parties' agreement as to what settlement procedure is appropriate and when the optimum time for that procedure is. If the parties cannot agree, they should so inform the Court in the Joint Report.

Not to the exclusion of other procedures, the following are available:

a.   A settlement conference with this Court or the Magistrate Judge assigned to the case.

b.   A settlement conference or other settlement procedure before an attorney appointed by the Court or retained by the parties or selected from the Attorney Settlement Panel.

c.   Arbitration, mediation, mini-trial procedures or other alternative dispute resolutions, possibly in conjunction with a. or b. above.

d.   A settlement conference before another District Judge or Magistrate Judge selected at random from the Court's Civil Settlement Panel.

6.   **Pretrial of All Civil Actions.**  Pursuant to Rule 16, Fed. R. Civ. P. and Local Rule 16, all civil actions or proceedings shall be pretried.  The schedule for filing the required documents is set forth as part of Exhibit A attached hereto.

7.   **Compliance With Local Rules and this Court's Standing Orders.**  At all stages of the proceeding, the parties are expected to comply with the Local Rules of this District and this Court's Standing Orders.  Before the Scheduling Conference, counsel shall review the Central District's Civility and Professionalism Guidelines, which shall be the standard of conduct to which they will be expected to adhere.

8.   **Notice.**   Plaintiff's counsel, or if plaintiff is appearing *pro se*, defendant's counsel, shall provide this Order to any parties who first appear after the date of this Order or who are known but have not yet entered appearances.

9.   **Disclosures to Clients**.  Counsel are ordered to deliver to their respective clients a copy of this Order and of the schedule that the Court imposes at the Scheduling Conference.

1    The Court thanks the parties and their counsel for their anticipated

2    cooperation in carrying out these requirements.

3        IT IS SO ORDERED.

4

5    Dated: October 20, 2011

6    _____

7    **GARY ALLEN FEESS**
     **United States District Judge**

8    Copies to:
     All Counsel of Record

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# JUDGE GARY ALLEN FEESS
## SCHEDULE OF TRIAL AND PRETRIAL DATES[1]

| Matter | Time | Weeks before trial | Plaintiff(s) (Request) | Defendant(s) (Request) | Court Order |
|---|---|---|---|---|---|
| **Trial (jury) (court)** **Estimated length: _____ days** | 8:30 am | | | | |
| **[Jury trial]  Hearing on Motions in Limine; Hearing on Disputed Jury Instructions** | 9:30 am | -1 | | | |
| **[Court trial] File Findings of Fact and Conclusions of Law; Hearing on Motions in Limine** | | -1 | | | |
| **Pretrial Conference; Motions in Limine to be filed; Proposed Voir Dire Qs Lodged and Agreed-to Statement of Case** | 3:30 pm | -4 | | | |
| **Lodge Pretrial Conf. Order; File Memo of Contentions of Fact and Law; Exhibit & Witness Lists; File Status Report re Settlement; File Agreed Upon Set of Jury Instructions and Verdict Forms; File Joint Statement re Disputed Instructions, Verdicts, etc.** | | -6 | | | |
| **Last date to conduct Settlement Conference** | | -8 | | | |
| **Last day for hearing motions** | 9:30 a.m. | -9 | | | |
| **Discovery cut-off** | | -10 | | | |
| **Last to Amend Pleadings or Add Parties** | | | | | |

S:/GAF/Forms/CURRENT Rule 26(f) Order [Rev. 11/10]

---

[1]  Review the Court's Order re "Rule 26(f) Scheduling Conference" to be sure of the meaning of these terms.